UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY BREWER,

                  *Plaintiff*,

– against –

U.S. BANK, NA; KATHERINE LEVINE;
SERGIO JIMENEZ; and
NOVICK E. POMERANTZ,

                  *Defendants*.

**ORDER**
24-cv-02804 (NCM)(LB)

**NATASHA C. MERLE**, United States District Judge:

    Plaintiff Anthony Brewer brings this *pro se* action under 42 U.S.C. § 1983 in relation to landlord tenant and foreclosure matters. Compl., ECF. No. 1.[1] Defendants filed motions for a premotion conference regarding their proposed motions to dismiss plaintiff's complaint, ECF Nos. 14, 16, 17, to which plaintiff responded in opposition, ECF No. 18. As stated below, plaintiff's complaint is deficient for numerous reasons and the Court lacks subject matter jurisdiction over his claims. Given the potential for dismissal of plaintiff's complaint in its entirety based on the clear deficiencies, plaintiff is directed to show cause why the action should not be dismissed. The plaintiff shall file a letter within 30 days of this Order explaining why the the Court should not dismiss this matter for lack of subject matter jurisdiction. All further proceedings are stayed *sine die*.

---

[1] Page numbers for the Complaint, ECF No. 1, refer to the page numbers assigned in ECF filing headers.

1

## BACKGROUND

Plaintiff brings this action in connection with property located at 71 Pilling Street in Brooklyn, New York, alleging that a landlord tenant holdover proceeding was improperly brought against him in Kings County Housing Court in 2022. *See generally 71 Pilling Project LLC v. Anthony* Brewer, No. LT-312152-22/KI. Plaintiff asserts that the judge presiding over those proceedings, the Honorable Sergio Jimenez, "insist[ed] upon taking me[,] Anthony Brewer[,] a secured Creditor[,] to trial in an [sic] Hold[over] eviction proceeding for the home I purchased [in] September 2012." Compl. at 4. It also appears that plaintiff brought an action in Kings County Supreme Court against 71 Pilling Project LLC, who asserts rightful ownership of the subject property. *See generally Anthony Brewer v. 71 Pilling Project LLC*, No. 492/2022. Plaintiff argues that in the 71 Pilling Project action, the Honorable Katherine Levine "failed to address [his] 60B motion for reconsideration and she has made a bad ruling that effects a deed filing as well as not acknowledged [him] as a secured party creditor in light of the evidence presented." Compl. at 5.

Plaintiff further alleges that attorneys representing 71 Piling Project LLC presented "false documents under oath in contempt of court in landlord tenant and supreme court," and "go as far as completing the process with morgage [sic] fraud after the eviction with a referee deed." Compl. at 5. Finally, plaintiff states that he, "is also before the Mortgage court now after finding false documents were file[d] there by US Bank NA trying to foreclose on a property that never had a mortgage." Compl. at 5. Plaintiff seeks money damages and for this Court to intervene in his state court actions. Compl. at 5.

2

## STANDARD OF REVIEW

Federal courts have limited subject matter jurisdiction, restricting the types of cases they can hear. *See Funk v. Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017). There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant lives in the same state as the plaintiff, *see* 28 U.S.C. § 1332. The plaintiff bears the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). If the Court "determines it lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).[2] A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Pro se* complaints are "held to less stringent standards than formal pleadings drafted by attorneys." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court liberally reads a *pro se* complaint and interprets it as raising the strongest arguments it suggests. *Id.*; *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008).

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent authority to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). "[A] complaint will [also] be dismissed as frivolous when it is clear that the defendants are immune from suit." *Kelsey v. Clark*, No. 22-22, 2023 WL 1980307, at *1 (2d Cir. Feb. 14, 2023) (summary order) (quoting *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999)).

## DISCUSSION

### I. Judicial Immunity

As an initial matter, plaintiff cannot bring his claims against Judges Sergio Jimenez and Katherine Levine. Judges normally have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209.

Judicial immunity does not apply when judges act "outside" of their judicial capacity, or if judicial actions were taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). In an action against a judicial officer involving the deprivation of rights through an act or omission made in a judicial capacity, "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

In this case, plaintiff's claims against Judges Jimenez and Levine solely relate to proceedings before them in state court. Plaintiff asserts that Judge Jimenez "should not

4

have taken [him] to trial" and should not have ruled against him in a holdover action. Compl. at 4–5. Similarly, plaintiff claims that Judge Levine "is trying to undo the[] facts" related to a cloudy title in a separate proceeding before her. Compl. at 7.

Since plaintiff alleges only conduct made in a judicial capacity against defendants Jimenez and Levine and does not allege they acted in the complete absence of jurisdiction, judicial immunity applies. The claims thus must be dismissed as frivolous. *See, e.g.*, *Kelsey*, 2023 WL 1980307, at *1; *Reiss v. Baron,* No. 1:22-cv-00908, 2022 WL 624420, at *2 (S.D.N.Y. Mar. 3, 2022) (dismissing claims under Section 1983 as frivolous due to judicial immunity).

## II. Anti-Injunction Act

Moreover, under the Anti-Injunction Act ("AIA"), "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where none of the exceptions apply, the AIA functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977); *see also Walker v. Mirbourne NPN 2LLC*, No. 18-cv-05211, 2018 WL 4494875, at *3 (E.D.N.Y. Sept. 19, 2018) (finding foreclosure action seeking injunctive relief was barred by the AIA); *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-cv-04210, 2015 WL 5884797, at *5 (E.D.N.Y. Oct. 8, 2015) (noting "[c]ourts in this Circuit have long held that the [AIA] applies to state court foreclosure proceedings" and thus bars injunctive relief in such actions).

Plaintiff does not assert that any of the AIA exceptions apply, nor does the Court so find. Accordingly, to the extent plaintiff seeks to challenge an order in a pending state court proceeding, this Court declines to intervene.

5

### III. Landlord-Tenant Issues

Lastly, to the extent that plaintiff seeks to raise any landlord-tenant issues outside of the aforementioned, it is well settled that "the landlord-tenant relationship is fundamentally a matter of state law." *Bey v. Jones*, No. 19-cv-02577, 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019); *see also Kheyn v. City of New York*, No. 10-cv-03233, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (same). Plaintiff must demonstrate that the Court has the power to hear his housing-related claims. *See Makarova,* 201 F.3d at 113. Plaintiff appears to argue for relief from defendants U.S. Bank and Pomerantz for their alleged role in "curruption [sic]" and "presenting false documents." Compl. at 5. However, these allegations alone do not give this Court juridiction. Plaintiff must allege how this conduct raises a federal question or how his action, brought primarily against defendants who are citizens of the same state as him, can establish diversity jurisdiction. He has not so alleged.

Plaintiff's claims against all named defendants related to any general landlord-tenant matters must thereore be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### CONCLUSION

Plaintiff is directed to show cause why the action should not be dismissed for lack of subject matter jurisdiction by filing a letter within 30 days of this Order. All further proceedings are stayed *sine die*.

Although plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). If plaintiff fails to comply with

this Order within the time allowed, the action shall be dismissed without prejudice for lack of subject matter jurisdiction and judgment shall enter.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

**SO ORDERED.**

                                                                                */s/ Natasha C. Merle*
                                                                                NATASHA C. MERLE
                                                                                United States District Judge

Dated:       September 20, 2024
                 Brooklyn, New York