UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTHONY BREWER,

          *Plaintiff*,

– against –

U.S. BANK, NA; KATHERINE LEVINE;
SERGIO JIMENEZ; and
NOVICK E. POMERANTZ,

          *Defendants*.

**MEMORANDUM & ORDER**
24-cv-02804 (NCM)(LB)

---

**NATASHA C. MERLE**, United States District Judge:

    *Pro se* plaintiff Anthony Brewer brings this pro se action under 42 U.S.C. § 1983 in relation to landlord tenant and foreclosure matters. Compl., ECF. No. 1.[1] On September 20, 2024, this Court issued an Order to Show Cause ("September Order"), which directed plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. September Order at 6. Plaintiff responded to the Court's order, Order to Show Cause Response ("OTSC Response"), ECF Nos. 21, 23, and defendants Katherine Levine and Sergio Jimenez replied in opposition, ECF No. 22. For the reasons stated below, plaintiff's complaint is **DISMISSED**.[2]

---

[1]    Page numbers for the Complaint, ECF No. 1, refer to the page numbers assigned in ECF filing headers.

[2]    Plaintiff's Summary Judgment Motion ("Pl. MSJ"), ECF No. 21 is **DENIED** as moot.

1

## BACKGROUND

Plaintiff brings this action in connection with property located at 71 Pilling Street in Brooklyn, New York, alleging that a landlord tenant holdover proceeding was improperly brought against him in Kings County Housing Court in 2022. *See generally 71 Pilling Project LLC v. Anthony* Brewer, No. LT-312152-22/KI. Plaintiff asserts that the judge presiding over those proceedings, the Honorable Sergio Jimenez, "insist[ed] upon taking me[,] Anthony Brewer[,] a secured Creditor[,] to trial in an [sic] Hold[over] eviction proceeding for the home I purchased [in] September 2012." Compl. at 4. It also appears that plaintiff brought an action in Kings County Supreme Court against 71 Pilling Project LLC, who asserts rightful ownership of the subject property. *See generally Anthony Brewer v. 71 Pilling Project LLC*, No. 492/2022. Plaintiff argues that in the 71 Pilling Project action, the Honorable Katherine Levine "failed to address [his] 60B motion for reconsideration and she has made a bad ruling that effects a deed filing as well as not acknowledged [him] as a secured party creditor in light of the evidence presented." Compl. at 5.

Plaintiff further alleges that attorneys representing 71 Piling Project LLC presented "false documents under oath in contempt of court in landlord tenant and supreme court," and "go as far as completing the process with morgage [sic] fraud after the eviction with a referee deed." Compl. at 5. Finally, plaintiff states that he, "is also before the Mortgage court now after finding false documents were file[d] there by US Bank NA trying to foreclose on a property that never had a mortgage." Compl. at 5. Plaintiff seeks money damages and for this Court to intervene in his state court actions. Compl. at 5.

In the September Order, the Court informed plaintiff that the Court lacked subject matter jurisdiction due to judicial immunity, the anti-injunction act, and the lack of any

federal question or diversity jurisdiction apparent in plaintiff's complaint. September Order at 5–6. The Court gave plaintiff an opportunity to show cause why the action should not be dismissed despite the clear deficincies.

## STANDARD OF REVIEW

Federal courts have limited subject matter jurisdiction, restricting the types of cases they can hear. *See Funk v. Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017). There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant lives in the same state as the plaintiff, *see* 28 U.S.C. § 1332. The plaintiff bears the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). If the Court "determines it lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).[3] A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Pro se* complaints are "held to less stringent standards than formal pleadings drafted by attorneys." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court liberally reads a *pro se* complaint and

---

[3] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

interprets it as raising the strongest arguments it suggests. *Id.*; *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent authority to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). "[A] complaint will [also] be dismissed as frivolous when it is clear that the defendants are immune from suit." *Kelsey v. Clark*, No. 22-22, 2023 WL 1980307, at *1 (2d Cir. Feb. 14, 2023) (summary order) (quoting *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999)).

## DISCUSSION

The plaintiff's response to the Court's September Order fails to provide a basis for this Court's jurisdiction over this matter. Rather, as discussed at more length below, plaintiff mistakenly asserts that he has subject matter jurisdiction due to Federal Rule of Civil Procedure 60(b). Therefore, the Court finds that it lacks subject matter jurisdiction to review plaintiff's claims for the reasons set forth in the September Order.

I. <u>Judicial Immunity and Anti-Injunction Act</u>

In the September Order, the Court informed plaintiff that the Court lacks jurisdiction over plaintiff's claims due to judicial immunity and the Anti-Injunction Act ("AIA"). This reasoning remains intact.

As the Court stated in its September Order, plaintiff cannot bring his claims against Judges Sergio Jimenez and Katherine Levine. Judges normally have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir.

4

2009). Rather, judicial immunity does not apply where judges act "outside" of their judicial capacity, or if judicial actions were taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). As noted in the September Order, "plaintiff's claims against Judges Jimenez and Levine solely relate to proceedings before them in state court." September Order at 4. Plaintiff's response lacks any additional allegations that indicate that Judges Jimenez and Levine acted outside of their judicial capacity. *See generally* OTSC Response.

Therefore, judicial immunity applies and plaintiff's claims must be dismissed against defendants Jimenez and Levine. *See, e.g.*, *Kelsey*, 2023 WL 1980307, at *1; *Reiss v. Baron,* No. 22-cv-00908, 2022 WL 624420, at *2 (S.D.N.Y. Mar. 3, 2022) (dismissing claims under Section 1983 as frivolous due to judicial immunity).

To the extent that plaintiff seeks the Court's intervention in ongoing state proceedings, the AIA bars such relief. In particular, the AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where none of the exceptions apply, the AIA functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977); *see also Walker v. Mirbourne NPN 2LLC*, No. 18-cv-05211, 2018 WL 4494875, at *3 (E.D.N.Y. Sept. 19, 2018) (finding foreclosure action seeking injunctive relief was barred by the AIA). As articulated in the September order, "[p]laintiff does not assert that any of the AIA exceptions apply, nor does the Court so find." September Order at 5. Plaintiff's response similarly fails to allege that any AIA exception applies. *See generally* OTSC Response.

Therefore, the Court refrains from intervening in plaintiff's claims as they relate to a pending state court proceeding and such claims are likewise dismissed.

II.     Landlord-Tenant Issues

Lastly, plaintiff has not "demonstrate[d] that the Court has the power to hear his housing-related claims." September Order at 6. As indicated in the September Order, plaintiff has not asserted how the alleged conduct by defendants U.S. Bank and Pomerantz raises a federal question or satisfies the requirements for diversity jurisdiction. September Order at 6. In response, plaintiff appears to raise two separate arguments for jurisdiction: Federal Rule of Civil Procedure 60(b) and a non-resident property investor. Both arguments fail.

Plaintiff asserts that Federal Rule of Civil Procedure 60(b) provides the Court with subject matter jurisdiction over his claims. OTSC Response at 1. This is incorrect. Rule 60(b) provides a means by which a party may request relief from a court to correct or otherwise relieve a party from a final judgment, order, or proceeding of a *federal* court. *See* Fed. R. Civ. P. 60(b). Moreover, where a federal court enters judgment without jurisdiction, as plaintiff requests the Court to do here, Rule 60(b)(4) may provide relief from that final judgment. *See Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166, 171 (2d Cir. 2021). Rule 60(b) therefore does not independently provide jurisdiction over plaintiff's claims.

Second, plaintiff asserts that there is subject matter jurisdiction because an investor in the property had New Jersey license plates. OTSC Response at 4. This argument is untenable. First, it does not appear that the investor is named in this suit. *See* Compl. at 1. Second, even if the investor was named, diversity jurisdiction requires that all defendants reside in different states than the plaintiff. *See* 28 U.S.C. § 1332. Since

6

plaintiff has not alleged that there is complete diversity or that the requirements are otherwise met, the Court does not have jurisdiction over plaintiff's claims.

Therefore, all remaining claims must be dismissed.

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed in its entirety for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Although plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to enter judgment, close this case, and mail plaintiff a copy of this order.

**SO ORDERED.**

                                                    */s/ Natasha C. Merle*
                                                    NATASHA C. MERLE
                                                    United States District Judge

Dated:       November 22, 2024
                Brooklyn, New York